**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANTWYN BOWIE, #20-3066,                                ) | |
|                                                       ) | |
| **Plaintiff,**                                        ) | |
| vs.                                                   )          **Case No. 3:21-cv-00205-SMY** |
|                                                       ) | |
| WARDEN OF VIENNA CORRECTIONAL )| |
| CENTER,                                               ) | |
| KIMBERLY BIRCH, and                                   ) | |
| DARLA SPAIN,                                          ) | |
|                                                       ) | |
| **Defendants.**                                       ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Antwyn Bowie, an inmate of the Illinois Department of Corrections currently incarcerated at Will County Adult Detention Facility, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Vienna Correctional Center ("Vienna").  This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  Plaintiff was incarcerated at Vienna between February 14, 2019 and March 23, 2020.  While at Vienna, he was prescribed Keppra for seizures, Prilosec for hypertension, Robaxin for muscle tension, and Metoprolol for blood pressure.  He had lab work done on June 10, 2019 and the results were normal.  Sometime thereafter, Nurse Practitioner Darla Spain prescribed Levothyroxine for

hypertension and thyroid issues after reviewing the wrong file.  After taking the Levothyroxine, Plaintiff had multiple issues and reactions to the medication.  Lab work was ordered on July 18, 2019 but a sticker was placed on the outpatient progress notes covering up part of the notes.

Plaintiff went to the health clinic on August 7, 2019 for issues he had since taking the Levothyroxine including sleeping problems, high blood pressure, swallowing difficulty, stiff neck, decreased range of motion in his neck, fever, chills, migraines, dizziness, vision problems, and swollen glands, neck, and clavicle.  An order was placed to check his blood pressure three times per week for two weeks.  An outpatient progress note was entered in his medical record on August 12, 2019 showing his TSH levels were normal and that following review of the lab results, the medication was discontinued.  According to the note, Plaintiff was scheduled to come in to discuss the matter, but that was not done.  He was not notified to stop taking the medication.  When he went to the pharmacy to have his prescriptions filled, the medication was refilled despite the note to discontinue it.

Subsequently, Plaintiff was informed that the medication prescribed by Dr. Birch and NP Spain was for his thyroid gland and was the cause of his problems.  He was told that he should not have been put on that medication because there was nothing wrong with his thyroid gland as reflected by the June 10, 2019 lab work.  He was also told that NP Spain stated she had looked at the wrong chart.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

Count 1:     Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Birch and NP Spain for prescribing an unnecessary medication that resulted in harm to Plaintiff and for not ensuring that Plaintiff stopped taking the medication promptly following the lab results.

Any other claim that is mentioned in the Complaint and not addressed herein is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face."). Additionally, Plaintiff fails to state a claim against the Warden of Vienna Correctional Center who is not mentioned in the statement of claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (invoking a potential defendant's name by listing that defendant in the case caption is not enough to state a claim).

## Discussion

Prison officials and medical staff violate the Eight Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Allegations of negligence or medical malpractice do not state an Eighth Amendment claim. *See Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).

Plaintiff alleges NP Spain mistakenly prescribed the wrong medication. At another point, he alleges generally that Dr. Birch and NP Spain prescribed the wrong medication. The allegation that NP Spain prescribed medication after looking at the wrong file suggests possible negligence, but not deliberate indifference. Plaintiff has not alleged facts that suggest Dr. Birch or NP Spain were aware that Plaintiff had been prescribed the wrong medication and failed to take action to rectify the situation. Nor does he allege that he complained to Dr. Birch or NP Spain about the symptoms he allegedly began suffering after taking the medication. He does not state who he saw

at the health clinic on August 7, 2019 when he reported the medical issues he was having after taking the medication. As such, the allegations in the Complaint fail to state a viable Eighth Amendment deliberate indifference to serious medical needs claim. Accordingly, the Complaint will be dismissed and Plaintiff will be given an opportunity to file an amended complaint to re-plead his claims and include additional information.

## Disposition

The Complaint does not survive preliminary review under 28 U.S.C. § 1915A and is **DISMISSED without prejudice** for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before May 26, 2021. The First Amended Complaint will be subject to review under § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 21-205). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original

4

Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 26, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**