IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWYN BOWIE, #20-3066, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:21-cv-00205-SMY |
| | ) |
| KIMBERLY BIRCH, and | ) |
| DARLA SPAIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Antwyn Bowie, an inmate of the Illinois Department of Corrections currently incarcerated at Will County Adult Detention Facility, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Vienna Correctional Center ("Vienna"). This case is now before the Court for preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A.[1] Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 14): Plaintiff had lab work done on June 10, 2019. After reviewing the lab work, Nurse Practitioner (NP) Spain prescribed Levothyroxine, a thyroid medication, on July 8, 2019. Plaintiff had multiple issues and reactions to the medication. He submitted a sick call slip and was seen by a health clinic nurse but nothing was done for him. NP Spain order new lab work on July 18, 2019.

---

[1] Plaintiff's Complaint was dismissed without prejudice for failure to state a claim for relief and he was granted leave to file an Amended Complaint. (Doc. 14).

Plaintiff went to the health clinic on August 7, 2019 for issues he had since taking the Levothyroxine including sleeping problems, high blood pressure, swallowing difficulty, stiff neck, decreased range of motion in his neck, fever, chills, migraines, dizziness, vision problems, and swollen glands, neck, and clavicle. An order was placed to check his blood pressure three times per week. An outpatient progress note was entered in his medical record on August 12, 2019 showing his TSH levels were normal. Following review of the lab results by NP Spain and Dr. Birch, the medication was discontinued. Plaintiff was supposed to be scheduled to come in to discuss the matter, but that was not done. He was not notified to stop taking the medication. When he went to the pharmacy to have his prescriptions refilled, the medication was refilled because neither NP Spain nor Dr. Birch notified the pharmacy to discontinue it.

Plaintiff was seen by Nurse Winters at the health clinic on August 30, 2019. He explained the problems that he was having since he had been taking the medication prescribed by NP Spain. He told the nurse he had been getting worse and had been to the health clinic multiple times, but nothing had been done for him. He also informed her that his blood pressure had not been taken despite the order that it be taken three times per week. The nurse told him the medication had been discontinued and he should have been told to stop taking it. She discontinued the medication and told him that it should never have been prescribed and was the cause of all his problems. She looked at his previous test results which indicated there was nothing wrong with his thyroid and his TSH levels were normal.

Plaintiff saw an eye doctor on October 9, 2010 and was diagnosed with major vision loss in one eye due to taking a medication that he did not need. He has to wear glasses and still has vision problems that have been getting worse.

Based on the allegations in the First Amended Complaint, the Court designates the

following claim in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Birch and NP Spain for prescribing an unnecessary medication that resulted in harm to Plaintiff and/or for not ensuring that Plaintiff stopped taking the medication promptly when they discovered he had no medical need for the medication.

Any claim that is mentioned in the First Amended Complaint and not addressed herein is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

Prison officials and medical staff violate the Eight Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* The allegations in the First Amended Complaint are sufficient to state a colorable Eighth Amendment claim against NP Spain and Dr. Birch.

## Disposition

The Eighth Amendment deliberate indifference to serious medical needs claims in Count 1 will proceed against Darla Spain and Kimberly Birch. The Clerk of Court shall prepare for Spain and Birch: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service

of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a **continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address**; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** *See* **Fed. R. Civ. P. 41(b).**

Finally, based on the allegations in the First Amended Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  June 1, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.